IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SG EQUIPMENT FINANCE USA CORP., | CIVIL ACTION |
| Plaintiff, | |
| v. | |
| KIMBALL ELECTRONICS, INC., | NO. 20-6005 |
| Defendant/Third Party Plaintiff, | |
| v. | |
| ARIBA, INC., | |
| Third Party Defendant. | |

**MEMORANDUM AND ORDER**

**Joyner, J.**                                                                                                                                         **MARCH** 25, **2021**

Presently before this Court is Defendant Kimball Electronics Inc.'s ("Kimball") Motion for Leave to File Pleading Amendments against Plaintiff SG Equipment Finance USA Corporation ("SG") and Third-Party Defendant SAP Ariba, Inc. ("Ariba"), which SG and Ariba oppose. For the reasons that follow, this Court will grant the Motion.

**I. Factual and Procedural Background**[1]

In June 2017, Kimball entered into discussions with Ariba to upgrade Kimball's software, during which Ariba allegedly

---

[1] Because we write solely for the parties, this memorandum will include only those portions of the record relevant to the instant decision.

1

fraudulently represented the abilities of its software.[2] The discussions led Kimball to execute Order Form-350 (the "Agreement") on December 1, 2017.[3] The parties then agreed to an Extended Payment Addendum ("EPA"), which according to Ariba and SG, was an independent contract that authorized Ariba to assign the rights to payment to any third party.[4] Ariba assigned those rights to SG and gave Kimball written notice of the assignment.[5] Ariba began implementing its software in early 2018, but by the end of the year, Kimball determined that Ariba's software packages could not do what they were represented to do.[6] On January 4, 2019, Kimball terminated the Agreement and ceased making payments.[7]

On October 10, 2019, SG filed the instant complaint against Kimball demanding the payment Kimball owed, per the EPA.[8] In response, on November 26, 2019, Kimball brought in Ariba as a Third-Party Defendant and counterclaimed against SG, seeking a declaratory judgment to clarify its contractual relationship with SG and Ariba. SG and Ariba each filed a motion to dismiss

---

[2] See Kimball's Response to SG's Motion to Dismiss, Doc. No. 32, at 7.
[3] See Exhibit A, Doc. No. 1-1.
[4] See Ariba's Memorandum of Law in Opposition to Kimball's Motion to Amend ("Ariba's Memorandum"), Doc. No. 102, at 3.
[5] See SG's Reply in Further Support of its Motion to Dismiss, Doc. No. 34, at 7.
[6] See Kimball's Response to SG's Motion to Dismiss, Doc. No. 32, at 8.
[7] Id. at 9.
[8] See Ariba's Memorandum, at 4.

on December 13 and 23, respectively, and by January 21, 2020, the parties had fully briefed the motions.

The Southern District of Indiana Court set a deadline of May 27, 2020 to file amended pleadings and on August 14, 2020, Kimball requested an extension of unexpired deadlines, to which the parties agreed.[9] Beginning in August 2020, and ending on October 7, 2020, Ariba produced 37,000 pages of documents.[10] On November 24, 2020, the case was transferred from the Southern District of Indiana to this Court pursuant to a forum-selection clause in the General Terms and Conditions of the Agreement. Then, in response to Kimball's second set of requests, Ariba produced another 280 pages by December 18, 2020.  On January 29, 2021, Kimball filed the instant motion to amend its pleadings and on February 12, Ariba and SG responded. Kimball then filed a reply brief on February 22, and Ariba and SG filed surreplies in opposition on March 1, 2021.

**II. Discussion**

   **A. Relevant Legal Standard**

A party seeking to amend its pleadings after a scheduling-order deadline has passed must satisfy the Rule 16(b)(4) good cause

---

[9] See SG's Response in Opposition to Kimball's Motion to Amend ("SG's Response"), Doc. No. 101, at 3.
[10] See Ariba's Surreply in Further Opposition ("Ariba's Reply Brief"), Doc. No. 106, at 3.

standard before the Court can consider whether the party also meets Rule 15(a)'s more liberal standard.[11] The good cause analysis focuses on the moving party's diligence to meet the scheduling-order deadline. If the deadline could not have been reasonably met despite the diligence of the party needing the extension, either due to late production or complex and voluminous production, a delay is permissible.[12] However, if the party was not diligent, then there is no good cause for modifying a scheduling order.

Once a party has satisfied the good cause requirement, it is up to the Court's sound discretion under Rule 15(a)(a) to "freely give leave when justice so requires."[13] Generally, a Court should grant leave to amend unless "equitable considerations render it otherwise unjust."[14] Namely, if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other [parties]."[15]

### B. Rule 16(b)(4) Analysis

This Court finds that Kimball has met the good cause standard to amend its pleadings because all of the document

---

[11] See Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020).
[12] See Clark v. Blackfoot-Bey, Civ. Action No. 10-2683, 2012 WL 5383321, at *5 (E.D. Pa. Nov. 1, 2012); see also Chancellor v. Pottsgrove School Dist., 501 F.Supp.2d 695, 701 (E.D. Pa. 2007).
[13] Fed. R. Civ. P. 15(a)(2).
[14] See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) citing Foman v. Davis, 371 U.S. 178 (1962).
[15] Fugah v. State Farm Fire & Cas. Co., 2016 WL 1383702, at *1 (E.D. Pa. Apr. 7, 2016).

production occurred after the amended pleading deadline expired and was not fully completed until December 2020.[16] Kimball's amendments are based in part on newly discovered information[17] and thus could not have been filed prior to the deadline lapsing, no matter Kimball's efforts, which is exactly what Rule 16 requires.[18]

Kimball's failure to extend the expired pleading amendment deadline when it moved to amend the case management plan in August 2020 cannot constitute sufficient carelessness to disallow any amendment as that would erect too high a bar for amendments pursuant to Rule 16(b)(4), which necessarily occur after the amendment deadlines have expired.[19] Similarly, this Court is unpersuaded by the proposition that a single citation to the December documents is too inconsequential to constitute good cause.[20] All Rule 16 demands is due diligence to meet the filing deadlines. Amendments based on document production completed in December 2020 meet that standard. The substance of the amendments, beyond being based on newly discovered information, is not relevant for Rule 16 purposes to whether the moving party was diligent in when it filed the amendment.

---

[16] See Jeffers v. Am. Honda Fin. Corp., 2016 WL 11697596, at *2 (E.D. Pa. Oct. 19, 2016) (finding good cause where "new allegations are premised on documents produced during discovery").
[17] See Kimball's Memorandum of Law in Support of its Motion to Amend ("Kimball's Memorandum"), Doc. No. 97-4, at 4.
[18] Fed. R. Civ. P. 16(b)(4).
[19] SG's Response, at 3; Ariba's Memorandum, at 2.
[20] SG's Response, at 4; Ariba's Reply Brief, at 3.

**C. Rule 15(a)(2) Analysis**

This Court finds Kimball has met the Rule 15(a)(2) standard because the amended pleading is not too far removed from the document production, would not be prejudicial to the non-moving parties, and because the amended claims are not obviously futile at this time.[21]

Delay alone is insufficient; there must also be an additional hardship.[22] This Court does not find the parties will be prejudiced as Ariba and SG argue that the amended pleadings mirror the original filings.[23] This necessitates that there is no additional discovery required or "radical alterations" to the theory of the case, and thus no sufficiently additional hardship.[24]

The parties' futility arguments cannot overcome the heavy 12(b)(6) standard.[25] Whether SG is a proper assignee and determining the scope of the EPA'S waiver clause are functions of contractual interpretation and facially sufficient claims at

---

[21] See Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981) citing Foman v. Davis, 371 U.S. 178, 182 (1962).
[22] See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) citing Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n., 573 F.2d 820, 823 (3d Cir. 1978).
[23] See SG's Surreply in Further Opposition to Kimball's Motion to Amend, Doc. No. 105, at 2; See Ariba's Memorandum, at 9.
[24] See Cardone Indus., Inc. v. Honeywell Int'l, Inc., 2014 WL 3389112, at *4-5 (E.D. Pa. July 11, 2014) ("Defendant's proposed counterclaims mirror the affirmative defenses that it originally asserted. Therefore, Plaintiff would have, and seemingly should have, already been developing a factual basis and legal theories to address the substance of the proposed counterclaims.").
[25] See In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

this time. Similarly, Kimball's amended pleadings against Ariba add particularized allegations of fraud, which if true, could violate a "broader social duty [that] exists regardless of the contract" and pierce the gist of the action shield.[26] At this time, the allegations preclude a dismissal judgment on evidentiary or statute of limitations grounds. Finally, regarding Ariba's argument that because the Southern District of Indiana held the forum selection clause in the Agreement enforceable it implicitly held the whole agreement enforceable, this Court need not resolve arguments raised for the first time in a reply brief.[27]

    The Court does not find Kimball's proposed pleadings to be obviously futile. Accordingly, Kimball's Motion will be granted.

    An appropriate order follows.

---

[26] See Malone v. Weiss, 2018 WL 827433, at *12 (E.D. Pa. Feb. 12, 2018).
[27] See Ariba's Reply Brief, at 4.